Edward Carlson / Susan Lee
Carlson and Ryan LLP
43 West 43rd St., suite 243
New York, NY 10036
+1 (917) 714-0189
ed@carlsonryanlaw.com / susan@carlsonryanlaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASTLETON COMMODITIES MERCHANT GLOBAL LLC,<br><br>Plaintiff,<br>-against-<br><br>CIAPETRO TRADING COMERCIAL IMPORTADORA AND EXPORTADORA LTDA,<br><br>Defendant. | 23 CV _____<br><br>**VERIFIED COMPLAINT IN ADMIRALTY** |

Plaintiff Castleton Commodities Merchant Global LLC ("Castleton"), as and for its Verified Complaint in Admiralty against Defendant Ciapetro Trading Comercial Importadora and Exportadora Ltda ("Ciapetro"), alleges upon information and belief as follows:

**JURISDICTION**

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for breach of contract that provides for ocean transportation and tanker delivery services, and thus qualifies as a maritime contract for purposes of jurisdiction. As such, this case falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.

2. Venue is properly situated in this District because the contract provides for suit here and is governed by New York law.

## PARTIES

3.  At all times material hereto, Plaintiff Castleton was and still is a business entity duly organized and existing under the laws of Delaware with an office and principal place of business at 2200 Atlantic Street, suite 800, Stamford, Conn. 06902-6834.

4.  At all times material hereto, Defendant Ciapetro was and still is a foreign corporation with an office and principal place of business at Rodovia PR 323, Km 224 s/n, Cianorte, Parana State, Brazil.

5.  Defendant Ciapetro has repeatedly ignored Castleton's efforts to commercially resolve this matter, thereby necessitating the commencement of this lawsuit.

## CONTRACT TERMS

6.  Pursuant to a contract dated December 16, 2021, and amended on December 21, 2021, Plaintiff Castleton agreed to procure, load, transport and deliver on DAP terms by oceangoing tanker a cargo of approximately 10,000 metric cubic meters of diesel fuel to Defendant Ciapetro at Paranagua, Brazil between January 9-16, 2022.

7.  The contract provided the subject cargo would be loaded on a vessel nominated/chartered by Castleton, transported to Paranagua, Brazil, and be delivered at one safe berth/port Cattalini Terminal.

8.  The contract also contained laytime and demurrage provisions for the oceangoing vessel(s) nominated by Castleton that governed how demurrage would be calculated during the voyage, specifically during the loading and discharge of the subject cargo on and off the vessel, at the rate specified in the contract between Castleton and the vessel's owner.

9. "Laytime" and "demurrage" are terms utilized in the maritime industry that relate to the time used to load and discharge cargo from a vessel. Laytime is a set period of time afforded to the charterer under a maritime contract for loading and discharging cargo. Demurrage represents liquidated damages due to the vessel owner for delays that result when a charterer does not load or discharge cargo within the stipulated laytime, which rate is specified in a maritime contract.

10. Under the terms of the contract, Ciapetro was allowed 50 percent of the total laytime allowance set forth in Castleton's contract with the owners of the vessel chartered to transport and discharge the diesel.

11. Demurrage was also to be calculated as per same, with Ciapetro to pay all demurrage charges.

12. The contract incorporated the Shell International Trading and Shipping Company Limited General Terms & Conditions for Sales and Purchases of Products (2010 Edition) as related to Part Two DES deliveries and Part Six ("General terms and Conditions"), which contains, inter alia, provisions regarding: laydays (i.e., the day or range of days in which Castleton's nominated vessel must tender a valid "notice of readiness" at the loading terminal); vessel insurance; vessel nominations; and vessel arrival and berth, all of which governed the ocean transportation of the subject diesel from Port Arthur, Texas (where the diesel was loaded) to Paranagua, Brazil.

**CONTRACT PERFORMANCE**

13. Pursuant to the contract, Castleton chartered the oceangoing tanker M/T Pike and ordered the vessel to transport the diesel cargo from Port Arthur, Texas to Paranagua, Brazil.

14. Upon arriving at Paranagua, the M/T Pike tendered its notice of readiness on January 15, 2022, and then experienced delays before berthing on January 18, 2022.

15. As a result, the M/T Pike incurred $53,935.16 of demurrage at Paranagua, for which Ciapetro bore ultimate liability to Castleton under the contract.

16. On January 21, 2022, Castleton, via email, submitted its fully-documented demurrage claim to Ciapetro.

17. Castleton sent a follow-up email to Ciapetro requesting Ciapetro to confirm receipt of the demurrage claim on January 26, 2022.

18. Ciapetro confirmed receipt of the subject demurrage claim that same day.

19. Thereafter, Castleton sent Ciapetro a series of communications regarding the claim on the following dates:

   a. May 4, 2022;

   b. May 24, 2022;

   c. June 6, 2022;

   d. June 24, 2022;

   e. June 27, 2022;

   f. October 3, 2022; and

   g. October 27, 2022.

20. Ciapetro responded to none of those communications, and the demurrage claim remains unpaid.

21. On December 12, 2022, in a final effort to stave off litigation, Castleton's P&I insurer sent a demand to Defendant Ciapetro for the outstanding $53,935.16.

22. Defendant Ciapetro did not respond to that correspondence.

23. To date, Defendant Ciapetro has refused to pay any of the debt and indeed has refused to correspond with Castleton regarding same.

24. Despite due demand, and in breach of the contract, $53,935.16 of demurrage incurred at Paranagua, Brazil remains due and owing to Castleton from Defendant Ciapetro.

## CASTLETON'S DAMAGES

25. In addition to the demurrage that is due, Castleton also seeks interest which, as specified in the contract, "shall accrue at the Interest Rate from the due date until the date payment is received by Seller."

26. The interest rate is further defined as "the lesser of (i) ten (10) percentage points above the prime rate of interest in effect at the opening of business on the due date as published in the *Wall Street Journal* under 'Money Rates,' or (ii) maximum allowable rate under applicable laws."

27. As per the demurrage clause, "if payment is not received within two New York Banking Days of Seller's invoice, interest shall accrue as provided herein at [paragraph 25] above."

28. Castleton's demurrage invoice was submitted January 21, 2022, which was also the due date; as such, under the contract terms, interest accrues from that date.

29. The prime rate of interest on January 21, 2022 (3.25 percent) plus 10 points equals 13.25 percent. This is less than the maximum allowable rate under New York law (16 percent). As such, the 13.25 rate applies for computing interest under the contract.

30. Castleton estimates, as best as can be presently calculated, the interest component of its claim against Ciapetro as $26,151.08, representing 13.25 percent over the period the demurrage charge has been outstanding (one year) and projected out for a further two-year period, when judgment is anticipated, compounded monthly.

31. To the extent this Court, as a court sitting in admiralty, possesses the equitable power to award legal fees where the conduct of the Defendant so warrants, Castleton also seeks anticipated legal fees incurred in connection with the prosecution of this claim, estimated, as best as can be presently calculated, to be $35,000, with recoverable legal costs of $5,000.

32. In total, therefore, Castleton estimates, as nearly as can be contemplated, that the total judgment sought herein will be $120,086.24, inclusive of the principal amount of this claim, interest, costs and attorneys' fees.

WHEREFORE, Plaintiff Castleton prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant Ciapetro citing them to appear and answer the foregoing,

failing which judgment by default be entered against it in an amount equal to the principal claim plus interest, costs and reasonable attorneys' fees; and

b. For such other, further and different relief as the Court may deem just and proper under the circumstances.

Dated: New York, New York
      January 20, 2022

                        Carlson and Ryan LLP
                        Attorneys for Plaintiff

                        /s/
By:    _____

                        Edward Carlson
                        43 West 43rd St., suite 243
                        New York, NY 10036
                        +1 (917) 714-0189
                        ed@carlsonryanlaw.com

## ATTORNEY VERIFICATION

Edward Carlson, pursuant to the provisions of 28 USC § 1746, declares and states as follows:

1. I am an attorney with Carlson and Ryan LLP, attorneys for Plaintiff in this action, I am admitted to practice before this Court, and I make this verification on behalf of Plaintiff.

2. I have read the foregoing complaint and know the contents thereof, and the same are true to the best of my knowledge, information and belief. The sources of my information and the basis for my belief are communications and information received from Plaintiff and their representatives, together with an examination of papers relating to matters in suit.

3. The reason this verification is made by the undersigned, and not made by Plaintiff, is that Plaintiff is a non-New York business entity as to which I am informed that no officer or director is presently within this District.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
January 20, 2022

/s/
_____
Edward Carlson
Carlson and Ryan LLP
43 West 43rd St., suite 243
New York, NY 10036
+1 (917) 714-0189
ed@carlsonryanlaw.com